UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CASEY WITWICKI,<br><br>     Plaintiff,<br><br>  - against -<br><br>METRO NEW YORK, INC, METRO USA, INC., EDWARD ABRAMS, and MICHAEL JULIANO,<br><br>     Defendants. | ECF Case<br><br>Civil No. 07-10600 (VM) |

**DEFENDANTS' ANSWER TO THE COMPLAINT
OF CASEY WITWICKI**

Defendants, METRO NEW YORK, INC., METRO USA, INC., EDWARD ABRAMS, and MICHAEL JULIANO, by and through their counsel, Salans, in answer to the Complaint, state as follows:

**INTRODUCTION**

1. The allegations in paragraph 1 of the Complaint are allegations of law to which no response is required and accordingly are denied. Defendants state that Plaintiff is not entitled to relief under the Family and Medical Leave Act, New York Executive Law or the New York City Administrative Code.

2. The allegations in paragraph 2 of the Complaint are allegations of law to which no response is required, and accordingly are denied.

**JURISDICTION AND VENUE**

3. Defendants deny the allegations in paragraph 3 of the Complaint because there is no basis for an FMLA claim. Defendants Abrams, Juliano and Metro USA, Inc. further deny the allegations contained in paragraph 3 of the Complaint because it fails to state a claim against them or to allege any jurisdictional basis as against them.

NEWYORK.546724.3

4. Defendants deny that supplemental jurisdiction is appropriate here.

5. Defendants deny the allegations in paragraph 5 of the Complaint, but admit that venue is valid in the Southern District of New York as to claims against Metro New York, Inc.

## THE PARTIES

6. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

7. Defendants deny the allegations in paragraph 7 of the Complaint, but state that Metro New York, Inc. ("Metro") is a corporation organized and existing under the laws of the State of Delaware, is authorized to do business in New York, and that Metro maintains offices at 44 Wall Street, New York, New York.

8. Defendants deny the allegations in paragraph 8 of the Complaint, but state that Metro USA, Inc. is a corporation organized and existing under the laws of the State of Delaware and is the holding company of the U.S. operating entities.

9. Defendants admit that Edward Abrams is a resident of the State of New Jersey.

10. Defendants admit that Michael Juliano is a resident of the State of Connecticut.

11. The allegation in the first sentence in paragraph 11 of the Complaint regarding whether Plaintiff is an "eligible employee" is an allegation of law to which no response is required and accordingly is denied; Defendants deny the remaining allegations in paragraph 11 of the Complaint, but state that Plaintiff's employment with Metro commenced in November 2005 and Plaintiff worked for at least 1,250 hours during the twelve month period

2

immediately preceding the commencement of the requested leave and that Metro employed more than 50 employees at the time Plaintiff requested leave.

12. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint, except deny as an allegation of law whether Plaintiff suffered a serious health condition within the meaning of 29 U.S.C. § 2611(11).

13. The allegation in the first sentence in paragraph 13 regarding whether Metro is an employer within the meaning of 29 U.S.C. §2611(4) is an allegation of law to which no response is required and accordingly is denied; Defendants deny the remaining allegations in paragraph 13 of the Complaint, but state that Metro is a newspaper and employed more than 50 employees at the time Plaintiff requested leave.

14. The allegations in paragraph 14 of the Complaint are allegations of law to which no response is required and accordingly are denied.

15. The allegations in paragraph 15 of the Complaint are allegations of law to which no response is required and accordingly are denied.

16. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16.

## STATEMENT OF FACTS

17. Defendants deny the allegations in paragraph 17 of the Complaint, but state that beginning in November 2005, Metro employed Plaintiff as an Account Executive, whose primary responsibility was to sell advertising space in Metro to various industries, for which Plaintiff received compensation.

18. Defendants deny the allegations in paragraph 18 of the Complaint, but state that Defendant Abrams was named Sales Director in September 2006 and sometime thereafter became Plaintiff's direct supervisor.

19. Defendants deny the allegations in paragraph 19 of the Complaint, but state that Defendant Juliano become Metro's Executive Sales Director in or about November 2006 and at that time Abrams began reporting to Juliano.

20. Defendants deny the allegations in paragraph 20 of the Complaint.

21. Defendants deny the allegations in paragraph 21 of the Complaint, but state that Plaintiff received an increase in base salary on or around June 2006 and Metro dismissed certain employees in or about early summer 2006.

22. Defendants deny knowledge or information sufficient to form a belief regarding the allegations in the first and second sentences in paragraph 22 of the Complaint. Defendants deny the allegations in the third sentence in paragraph 22 of the Complaint.

23. Defendants deny knowledge and information sufficient to form a belief as to whether Plaintiff had a serious health condition and deny all other allegations in paragraph 23 of the Complaint, but state that on one occasion Plaintiff provided a doctor's note to Metro.

24. Defendants deny the allegations in paragraph 24 except state that Plaintiff requested a leave of absence on or around July 2007, the Company approved the leave, and Plaintiff therefore took a leave of absence.

25. Defendants deny the allegations in paragraph 25 of the Complaint and respectfully refer the Court to the July 31, 2007 letter for the content thereof.

26. Defendants deny the allegations in paragraph 26 of the Complaint.

NEWYORK.546724.3

27. Defendants deny the allegations in paragraph 27 and respectfully refer the Court to the e-mail exchange between Andrey Harmaty and Plaintiff for the content thereof.

28. Defendants deny the allegations in paragraph 28 of the Complaint.

## FIRST CAUSE OF ACTION

29. In answer to paragraph 29 of the Complaint, Defendants repeat and reallege paragraphs 1-28 of this Answer as if fully set forth herein.

30. Defendants deny the allegations in paragraph 30 of the Complaint.

31. Defendants deny the allegations in paragraph 31 of the Complaint.

## SECOND CAUSE OF ACTION

32. In answer to paragraph 32 of the Complaint, Defendants repeat and reallege paragraphs 1-31 of this Answer as if fully set forth herein.

33. Defendants deny the allegations in paragraph 33 of the Complaint.

34. Defendants deny the allegations in paragraph 34 of the Complaint.

## THIRD CAUSE OF ACTION

35. In answer to paragraph 35 of the Complaint, Defendants repeat and reallege paragraphs 1-34 of this Answer as if fully set forth herein.

36. Defendants deny the allegations in paragraph 36 of the Complaint.

37. Defendants deny the allegations in paragraph 37 of the Complaint.

38. Defendants deny the allegations in paragraph 38 of the Complaint.

39. Defendants deny the allegations in paragraph 39 of the Complaint.

40. Defendants deny the allegations in paragraph 40 of the Complaint.

41. Defendants deny the allegations in paragraph 41 of the Complaint.

NEWYORK.546724.3

## FOURTH CAUSE OF ACTION

42. In answer to paragraph 42 of the Complaint, defendants repeat and reallege paragraphs 1-41 of this Answer as if fully set forth herein.

43. Defendants deny the allegations in paragraph 43 of the Complaint.

44. Defendants deny the allegations in paragraph 44 of the Complaint.

45. Defendants deny the allegations in paragraph 45 of the Complaint.

46. Defendants deny the allegations in paragraph 46 of the Complaint.

47. Defendants deny the allegations in paragraph 47 of the Complaint.

48. Defendants deny the allegations in paragraph 48 of the Complaint.

## DEFENSES

1. This Complaint fails to state a claim on which relief can be granted.

2. The claims as against Mr. Abrams should be dismissed for failure to state a claim and for failure to allege jurisdiction and venue.

3. The claims as against Mr. Juliano should be dismissed for failure to state a claim and for failure to allege jurisdiction and venue.

4. The claims as against Metro USA, Inc. should be dismissed for failure to state a claim and for failure to allege jurisdiction and venue.

5. The claims should be dismissed because there is no jurisdiction under the Family and Medical Leave Act and accordingly, no supplemental jurisdiction over Plaintiff's state law claims.

6. Defendants acted lawfully and in good faith without any intent to discriminate or retaliate against plaintiff.

7. Defendants treated plaintiff in a fair manner, without regard to any protected basis.

8. Plaintiff failed to bring any complaints regarding discrimination or harassment on the basis of disability to the attention of the Company.

9. Plaintiff failed to adequately perform the activities involved in her job.

10. Plaintiff has failed to state a claim for recovery of damages, including punitive damages.

11. On information and belief, Plaintiff has failed to mitigate her damages.

12. On information and belief, Plaintiff has failed to exhaust her administrative remedies.

13. On information and belief, all or some of Plaintiff's claims are barred by reason of waiver or estoppel.

14. On information and belief, Plaintiff's claims are barred for failure to satisfy conditions precedent.

15. On information and belief, Plaintiff's state law and city law claims are barred by the doctrine of election of remedies.

16. This Court should not exercise supplemental jurisdiction over the state law claims.

17. A jury trial is inappropriate for some or all of the claims.

WHEREFORE, Defendants respectfully request judgment herein as follows:

1. Dismissing the Complaint with prejudice;

2. Awarding Defendants' attorneys' fees, costs, and disbursements for this action;

3. Granting such other and further relief as this Court may deem just and proper.

7

Dated: New York, New York
      January 31, 2008

SALANS

By: *Susan Shanklin*
Susan Shanklin(SS)

620 Fifth Avenue
New York, New York 10020
(212) 632-5500
sshanklin@salans.com

Attorneys for Defendants Metro New York, Inc., Metro USA, Inc., Edward Abrams, and Michael Juliano

TO:   Anthony Carraba
       Jeffrey Schulman
       Carraba Locke LLP
       100 William Street
       New York, New York 10036
       (212) 430-6400
       Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I, Susan Shanklin, hereby certify that on the 31st day of January, 2008, I caused to be served a true and correct copy of:

1) Defendants' Answer to the Complaint of Casey Witwicki;

2) Defendant's Request for Production of Documents; and

3) Defendants' Notice of Deposition of Plaintiff

by sending it via U.S. mail to attorneys for Plaintiff at the following address

    Jeff Schulman
    Carraba Locke LLP
    100 William Street
    New York, New York 10036

Dated: New York, New York
       January 31, 2008

                                    SALANS

                                    By: /s/ Susan Shanklin
                                    Susan Shanklin (SS)

                                    620 Fifth Avenue
                                    New York, New York 10020
                                    212-632-5500
                                    sshanklin@salans.com

NEWYORK.548044.2