# SALANS
ATTORNEYS AT LAW

Rockefeller Center, 620 Fifth Avenue, New York, NY 10020-2457, USA
Tel +1 (212) 632 5500   Fax +1 (212) 632 5555
www.salans.com

Susan Shanklin *Of Counsel*
Direct Dial +1 (212) 632 5564
Direct Fax +1 (212) 307 3364
sshanklin@salans.com

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-22-08
```

May 20, 2008

**BY FACSIMILE**

The Honorable Victor Marrero
United States District Judge
United States Courthouse
500 Pearl Street Suite 660
New York, New York 10007

    Re:    <u>Witwicki v. Metro New York, Inc. et al., 07 Civ. 10600</u>

Dear Justice Marrero:

    We are counsel for Defendant Metro New York, Inc. in the above-referenced action, which involves a claim for alleged violation of the Family Medical Leave Act, and pendent state and city disability discrimination claims.

    We submit this joint letter pursuant to Your Honor's individual rules requiring the parties to submit a joint letter in connection with submitting a discovery dispute.

**Issue**

    Defendant has requested unredacted copies of Plaintiff's diaries/calendars.

**DEFENDANTS' POSITION**

Defendants have specifically requested the foregoing documents through Defendants' document requests. Defendants are entitled to discovery of Plaintiff's unredacted calendar. Defendants are entitled to documents reasonably calculated to lead to the discovery of admissible evidence. These documents are relevant because if Plaintiff's calendar shows a full roster of activities during her medical leave, it suggests that she may not have had a serious health condition which prevented her from working and casts into doubt any disability claim. Defendants are not fishing nor do they wish to cause embarrassment to Plaintiff. To date, Defendants have respected Plaintiff's concerns regarding embarrassing personal details, agreeing to an Attorneys' Eyes Only provision covering medical documents in the Confidentiality Stipulation and would be willing to consider similar agreements with respect to Plaintiff's diaries and calendars. Finally, Plaintiff has not alleged that the redacted information is covered by the attorney/client privilege.

ALMATY  BAKU  BERLIN[1]  BRATISLAVA  BUCHAREST  BUDAPEST[2]  ISTANBUL  KYIV  LONDON  MOSCOW
NEW YORK  PARIS  PRAGUE  SHANGHAI  ST. PETERSBURG  WARSAW

---

[1] SALANS LLP is a Limited Liability Partnership registered in London with Registration Number OC 316322. Registered Office Millennium Bridge House, 2 Lambeth Hill, London EC4V 4AJ, United Kingdom. Regulated by the Law Society of England and Wales. A list of members of SALANS LLP is available at the above Registered Office.
NewYork 1161500.1
[2] Affiliated Office

 SALANS

Judge Victor Marrero
Page 2                                                                                              May 20, 2008

Since the foregoing documents have been requested, are relevant or may lead to the production of relevant information, and are not protected by privilege, we respectfully request their production.

**PLAINTIFF'S POSITION**

At the outset, Defendants' decision to raise discovery issues the day before Plaintiff's deposition -- and their threat to "recall" Plaintiff if the Court grants the motion -- is completely disingenuous. Defendants' decision to wait to raise the issue, in an attempt to take Plaintiff's deposition twice, should not be countenanced by the Court. In fact, Plaintiff has already been forced to delay her deposition once, because Defendants decided, the day before the scheduled deposition, to produce over 100 pages of significant discovery information. In producing this information at the last possible moment, and months after it was requested, Defendants did not indicate that they just obtained the information, nor did they provide any legitimate excuse for the delay.

Defendants' position with respect to the redacted calendar is specious. In Plaintiff's Response to Defendants' Request for the Production of Documents, dated April 11, 2008, Plaintiff indicated that she would only produce calendars concerning her employment with Defendants (the request called for all of Plaintiff's calendars, without any limitation as to subject matter). Defendants first raised a "concern" about this in a letter dated May 1, 2008, wherein defense counsel states that Plaintiff must produce similar documents concerning any of her "claims," including her medical condition, etc. In a letter dated May 7, 2008 (attached as Exhibit A), Plaintiff noted that only personal appointments were redacted from the calendar that had been produced at that point. In that letter, Plaintiff also explicitly stated that she would be producing an additional calendar, from the time period subsequent to the commencement of Plaintiff's FMLA-qualified leave of absence, and that it would be redacted except "to the extent that it concerns Plaintiff's doctor visits and mitigation efforts," which is exactly what was produced. Defendants' insistence that Plaintiff produce her calendar with respect to matters other than her health and her mitigation efforts (the only issues which are even remotely germane) constitutes a classic "fishing expedition." It is obvious that Defendants are attempting to delve into Plaintiff's personal life in an effort to embarrass her. Moreover, to the extent they claim the discovery is needed to show whether Plaintiff had a serious health condition as defined by the FMLA, we note that Defendants <u>approved</u> Plaintiff's request for FMLA leave and they did <u>not</u> request any type of periodic medical reports or FMLA re-certification. Therefore, whether Plaintiff had a serious health condition under the FMLA is not an issue in this case. The Court should not countenance Defendants' attempt to abuse the discovery process.

NewYork 1161500.1

## ❖ SALANS

Judge Victor Marrero
Page 3                                                                May 20, 2008

Thank you for your consideration of this request.

Respectfully submitted,

*Susan Shanklin*          *Jeffrey Schulman*

Susan Shanklin           Jeffrey Schulman

cc:  Jeffrey Schulman (by facsimile)
     Carabba Locke LLP
     Counsel for Plaintiff
     100 William Street
     New York, New York 10038
     (212) 430-6400 (phone)
     (212) 430-6405 (fax)

---

The parties are directed to address the matter set forth above to Magistrate Judge _Ronald Ellis_, to whom this dispute has been referred for resolution, as well as for supervision of remaining pretrial proceedings, establishing case management schedules as necessary, and settlement.

**SO ORDERED.**

5-22-08
Date              VICTOR MARRERO, U.S.D.J.

---

NewYork 1161500.1