**Carabba Locke LLP**

100 William Street • New York, NY • 10038
(P) 212.430.6400 • (F) 212.430.6405
www.carabbalocke.com

July 9, 2008

**VIA ECF AND HAND DELIVERY**

Hon. Ronald L. Ellis
United States Magistrate Judge
United States District Court
500 Pearl Street, Room 1970
New York, New York 10007

    Re:   <u>Witwicki v. Metro New York Inc., et al., 07 Civ. 10600 (VM) (RLE)</u>

Dear Judge Ellis:

    We represent Plaintiff, Casey Witwicki, in the above-referenced Family and Medical Leave Act and disability discrimination case. Please accept this letter as Plaintiff's motion, pursuant to Fed. R. Civ. P. 26 and 45, to quash certain subpoenas served by Defendants on non-party credit card companies where Plaintiff maintains her accounts.[1] As set forth in detail below, Defendants are abusing the discovery process to obtain irrelevant and highly confidential information concerning Plaintiff.

    On July 3, 2008, Defendants served us with copies of four subpoenas, each calling for the production of "Casey Witwicki's credit card account records from January 2007 to the present." See Exhibit A (Plaintiff's date of birth and social security number have been redacted from the publicly filed exhibit). These subpoenas should be quashed for several reasons: (1) Defendants have improperly used information from Plaintiff's calendars, which were produced on an "attorneys' eyes only" basis, to issue the subpoenas; (2) because Defendants are attempting to circumvent the discovery process by attempting to obtain from third parties what they would have been unable to obtain from Plaintiff because of the impending discovery cutoff; and (3) because the information that Defendants seek is highly confidential and irrelevant in any event.

*Defendants' Unauthorized Use of Plaintiff's Unredacted Calendars*

    At the June 20, 2008 Court conference, the Court ordered Plaintiff to produce unredacted calendars and certain previously unproduced emails to Defendants on an "attorneys' eyes only" basis. The Court further directed that the unredacted calendars and emails were not to be used in this litigation until Defendants determined which documents they believed were relevant and made an application to the Court concerning those documents. In a letter to the Court dated July 2, 2008, Defendants made such an application, which the Court has yet to rule on. By serving the subpoenas

---

[1] The parties have conferred but were unable to resolve this issue without Court intervention.



at issue, Defendants have disregarded the Court's directive by using certain "attorneys' eyes only" information publicly without the Court's permission.

Specifically, there are several entries in Plaintiff's calendars that constitute reminders Plaintiff wrote to herself to pay her credit card bills (i.e. "Pay Chase Visa bill;" "Pay Discover bill;" "Pay CitiCard"). See Exhibit B to Defendants' July 2, 2008 letter to the Court (not attached hereto because of the confidential nature of the document). Defendants obviously obtained the information about which companies Plaintiff has/had credit card accounts with from this "attorneys' eyes only" information. That Defendants then used this information to subpoena Plaintiff's credit card information is startling, given that the Court has not yet ruled on Defendants application to use this information, a mechanism the Court put in place precisely to prevent Defendants from running amok with irrelevant personal information which they have now done. We believe that Defendants (and defense counsel) should be sanctioned for this conduct in the amount of Plaintiff's attorneys' fees in bringing this motion and that the subpoenas should be quashed on this basis alone.

*Defendants Are Circumventing the Discovery Process*

Further, by serving the subpoenas at issue, Defendants have made an end-run around the discovery process. If Defendants believed that Plaintiff's credit card records were relevant to this action, they would have requested them directly from Plaintiff through a document request well before discovery closed. However, now that discovery is essentially over (discovery ends on July 14, 2008) and it is too late to make such a request, Defendants are seeking to obtain from third parties what they should have attempted to obtain directly from Plaintiff.[2] The Court should not countenance this conduct and the subpoenas should be quashed on this alternate ground.

*The Subpoenas Seek the Production of Highly Confidential and Irrelevant Information*

The information Defendants seek is irrelevant and highly confidential. Courts in this Circuit routinely grant applications to quash subpoenas where the relevance of the subpoenaed documents or information is outweighed by their private or confidential nature, particularly where the subpoenaed documents involve an individual's financial information. See e.g. Arias-Zeballos v. Tan, 06 Civ. 1268 (GEL) (KNF), 2007 U.S. Dist. LEXIS 5068 (S.D.N.Y. Jan. 24, 2007) (quashing subpoenas served on defendant's bank seeking, among other things, copies of defendant's personal checks); Fox Industries, Inc. v. Gurovich, 03 Civ. 5166 (TCP) (WDW); 2006 U.S. Dist. LEXIS 73035 at *40-41 (E.D.N.Y. Oct. 6, 2006) (granting protective order with respect to subpoena seeking financial documents because of "the potentially irrelevant personal information that may well be in the documents"). Indeed, Your Honor has previously granted an application seeking to quash a subpoena seeking a party's credit card information. See Reserve Solutions, Inc. v. Vernaglia, 05 Civ. 8622 (VM) (RLE), 2006 U.S. Dist. LEXIS 44008 at *5 (S.D.N.Y. Jun. 26, 2006) ("although

---

[2] Indeed, during the July 20, 2008 conference, defense counsel represented to the Court that the only outstanding discovery was the deposition of a non-party witness and Defendants' motion to compel the production of the unredacted calendars and emails.



this action concerns the alleged conversion of funds, discovery should not include unrelated and detailed personal financial records and <u>credit card information</u>. The Court finds that [plaintiff's] 1) subpoena is overly broad; and 2) rights to subpoena the financial records is outweighed by intrusions into [defendant's] privacy interests") (emphasis added);[3] see also <u>Chen v. Republic Restaurant Grp.</u>, 07 Civ. 3307 (LTS) (RLE) (S.D.N.Y. Jun. 19, 2008) (noting that "tax documents should not be provided for discovery purposes unless 1) they appear relevant to the subject matter of the action, and 2) that there is a <u>compelling need</u> for the documents because the information contained therein is not otherwise readily obtainable") (citations omitted; emphasis added).

Given that this case involves Plaintiff's claims that Defendants violated the FMLA and discriminated against her on the basis of her disability, it is difficult to fathom the relevance of Plaintiff's credit card records. To the extent that Defendants argue that credit card records are relevant to Plaintiff's mitigation efforts, they are incorrect.[4] At the outset, Plaintiff has already produced documents and provided deposition testimony concerning her earnings subsequent to Defendants' unlawful termination of her employment. Credit card records will not show any <u>earnings</u> by Plaintiff but will only show what Plaintiff was <u>spending</u> (or, more accurately, borrowing) on her credit cards. Accordingly, Plaintiff's credit card records have no bearing on her mitigation efforts. Further, to the extent that Defendants argue that the credit card records may bear on the credibility of Plaintiff's deposition testimony concerning her mitigation efforts, this Court has previously noted that "evidence which may be useful for impeachment purposes is not relevant to the subject matter of the litigation, but involves collateral issues of credibility" and is therefore not discoverable. <u>Tartaglia v. City of New York</u>, 98 Civ. 5584 (JGK) (RLE), 1999 U.S. Dist. LEXIS 3153 at *5 (S.D.N.Y. Mar. 19, 1999); see also <u>Fox Industries</u>, *supra* at *41 (granting protective order despite that "the mortgage application might serve as a possible basis for attacking [defendant's] credibility" because "the court does not see what other relevance the papers might have to this lawsuit"). Because Plaintiff's personal credit card records are both highly confidential and irrelevant to any claims involved in this lawsuit, the subpoenas served by Defendants should be quashed.

For all of the foregoing reasons, Plaintiff respectfully requests that the Court: (1) quash the subpoenas served by Defendants which require production of Plaintiff's credit card records (2) grant Plaintiff her costs associated with bringing this motion; and (3) grant Plaintiff such other relief as the Court deems equitable and proper. Thank you for your consideration.

Respectfully submitted,
CARABBA LOCKE LLP

By: _____
Jeffrey Schulman (JS 0702)

---

[3] <u>Arias-Zeballos</u>, <u>Fox Industries</u> and <u>Reserve Solutions</u> also stand for the proposition that Plaintiff has standing to seek to quash the subpoenas despite that they were directed to third parties.
[4] Defense counsel made this argument during the parties' attempt to resolve this dispute without Court intervention.



cc: Dan J. Schulman (by hand)
   *Counsel for Defendants*

   Legal Department, J.P. Morgan Chase Bank (*via* FedEx)
   Legal Service Intake Unit, Citibank N.A. (*via* FedEx)
   Legal Services Department, CitiCard (*via* FedEx)
   Law Department, Discover Bank (*via* FedEx)

# UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Casey Witwicki,                              Plaintiff, | **SUBPOENA IN A CIVIL CASE** |
| -against- | CASE NUMBER: 07 Civ. 10600 (VM) |
| Metro New York Inc., Metro USA Inc., Edward Abrams, and Michael Juliano,    Defendants. | |

TO:   Legal Department
      JPMorgan Chase Bank
      1 Chase Manhattan Plaza
      New York, New York 10081

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Casey Witwicki's credit card account records from January 2007 to the present. Casey Witwicki's date of birth is _____ and her Social Security number is _____

| PLACE | DATE AND TIME |
|---|---|
| Salans | July 22, 2008 |
| 620 Fifth Avenue | at 9:00 a.m. |
| New York, New York 10020 | |

☐ YOU ARE COMMANDED to Permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Attorney for Defendants | July 3, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Dan Schulman, Esq.
Susan Shanklin, Esq.
Salans, 620 Fifth Avenue, New York, NY 10020 Tel: (212) 632-5500

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

NewYork 1179129.1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

Casey Witwicki,                         Plaintiff,

-against-

Metro New York Inc., Metro USA Inc.,
Edward Abrams, and Michael Juliano,     Defendants.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: 07 Civ. 10600 (VM)

TO:  Citibank, N.A.
     Legal Service Intake Unit
     1 Court Square, 7th Floor
     Long Island City, New York 11120

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Casey Witwicki's credit card account records from January 2007 to the present. Casey Witwicki's date of birth is _____ and her Social Security number is _____

| PLACE | DATE AND TIME |
|---|---|
| Salans<br>620 Fifth Avenue<br>New York, New York 10020 | July 22, 2008<br>at 9:00 a.m. |

☐ YOU ARE COMMANDED to Permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /s/ — Attorney for Defendants | July 3, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Dan Schulman, Esq.
Susan Shanklin, Esq.
Salans, 620 Fifth Avenue, New York, NY 10020 Tel: (212) 632-5500

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

NewYork 1179128.1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

Casey Witwicki,  Plaintiff,

-against-

Metro New York Inc., Metro USA Inc.,
Edward Abrams, and Michael Juliano,  Defendants.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: 07 Civ. 10600 (VM)

TO: CitiCard
Legal Services Department
701 East 60th Street North
Sioux Falls, SD 57117

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Casey Witwicki's credit card account records from January 2007 to the present. Casey Witwicki's date of birth is           and her Social Security number is

| PLACE | DATE AND TIME |
|---|---|
| Salans<br>620 Fifth Avenue<br>New York, New York 10020 | July 22, 2008<br>at 9:00 a.m. |

☐ YOU ARE COMMANDED to Permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Attorney for Defendants | July 3, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Dan J. Schulman, Esq.
Susan Shanklin, Esq.
Salans, 620 Fifth Avenue, New York, NY 10020 Tel: (212) 632-5500

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

NewYork 1178856.1

07/03/2008 16:17 2126325555 SALANS PAGE 05/05

# UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Casey Witwicki,                                          Plaintiff, | **SUBPOENA IN A CIVIL CASE** |
| -against- | |
| Metro New York Inc., Metro USA Inc., Edward Abrams, and Michael Juliano,      Defendants. | CASE NUMBER: 07 Civ. 10600 (VM) |

TO: Law Department
Discover Bank
2500 Lake Cook Road
Riverwoods, Illinois 60015

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Casey Witwicki's credit card account records from January 2007 to the present. Casey Witwicki's date of birth is _____ and her Social Security number is _____

| PLACE | DATE AND TIME |
|---|---|
| Salans<br>620 Fifth Avenue<br>New York, New York 10020 | July 22, 2008<br>at 9:00 a.m. |

☐ YOU ARE COMMANDED to Permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _[signature]_ — Attorney for Defendants | July 3, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Dan Schulman, Esq.
Susan Shanklin, Esq.
Salans, 620 Fifth Avenue, New York, NY 10020 Tel: (212) 632-5500

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

NewYork 1178857.1